Good morning, Your Honors. Jason Carr appearing on behalf of Petitioner Abara. He's a Nevada prisoner challenging his Nevada state convictions in federal court. There are two themes to this oral argument, or to this case, that I'd like to express. The first is David Abara is a person that the state court record established, had a long history of psychiatric problems. He's in federal district court pro se, trying his best, the record demonstrates, to do exactly what the district court wants him to do. And everything he did was basically thwarted by both the district court and the state. And the other theme about this that I'd like to state is that it's this record, the district court's order, which is in volume one of the excerpts of record, is just there are a lot of factual errors in the district court's order. And in the state's answering brief, the district court relied on both in its rulings on relation back, on exhaustion, on things that when you take a look at this record, even a cursory look at it, you realize just simply are not true. And hopefully in this argument, I'll be able to illustrate that to the court. But let's start. The first certified question is whether grounds, now there are two petitions in this case. Mr. Abara filed an initial pro se petition, which is 45 pages plus in length. The state objected to it being too conclusory and not detailed enough. And so the district court ordered, and the district court's order basically just says just one thing, well, two things really. That it's too conclusory, you should add more detail. And then the district court also said that you can't rely on exhaustion, the fact, documents that were submitted in the record on appeal to Nevada Supreme Court, which is not really important in this case. Those are the two things the district court said. And then the district court said, Abara, file an amended petition. Now the first problem there is that the district court should have said to supplement your petition. And the state, if they wanted to help the district court out at all, would have said that. Because if Abara had just supplemented the petition rather than amend it, we wouldn't have any of these relation back problems. And if he had an attorney, the attorney obviously would have been, would have helped him with that. Supplementary petitions simply are used when facts which have occurred since the filing of the original petition have occurred. And then the supplementary petition supplements that by adding new facts. An amended petition is quite different. That's right, Your Honor. And that's why what the court really wanted here was a supplemental petition. Because what the court was saying is that what you alleged in the first petition was not detailed enough. You need to add more facts to the petition. Not facts that have occurred since filing of the petition, but facts that you have not stated that you might be able to state. And that's an amended petition. I understand what you're saying, Your Honor. And a lot of times you see the supplemental petition after you go, your petition stayed, you go back to state court to exhaust, and you supplement it. Because you're going to have timeliness problems anytime you file an amended petition. It's a trap in Federal habeas. But let's go to the relation back thing. And this will illustrate the problem with the district court's relation back ruling, I think, quite ably. This is ground one of my client's first amended petition. Ground one being, by far, the most important ground, by the way, substantively. It starts on page 93. There's quite a lot of text there. 94, 95. This is all ground one. Page 96. Then we get to page 97. These four lines here that are highlighted in green which state, this issue, this is what my client says. This issue was raised and exhaust on direct appeal, exhibit one. Counsel on direct appeal is ineffective for failing to fully raise the rest of the issue. That's what he says. That's the, and then it goes on a little bit more. So out of all those pages, the only fact that the district court and the state alleges do not relate back to the original petition is this, these four lines right here. And what does he say? It's a statement of exhaustion, right? He says, this issue was raised and exhaust on direct appeal. Counsel on direct appeal is ineffective for failing to raise the rest of the issue. Which is an interesting thing that he says that because that's exactly what his attorney says in the fast track appeal in state post conviction. On page 345, this is the fast track briefing to the Nevada Supreme Court about this issue. Well, and what she says to the Nevada Supreme Court, this is, you know, directly presented to the Nevada Supreme Court. Well, appellate counsel alleged that Mr. Navarro was not competent to waive counsel. Appellate counsel missed the real issue presented. That is whether the waiver was coerced by the district court's refusal to appoint competent free counsel. So the significance of this is that the district court finds that these four lines here make the claim not relate back to the original petition and also an exhaustive petition. And that's based on this theory that by saying that this was raised on direct appeal but not completely, which is really a statement of exhaustion, that that fundamentally changes the nature of the claim to one of IAC direct appeal. This is, of course, ludicrous. And secondly, this very statement, which the client points out in his opposition to the motion to dismiss, was taken directly from the fast track statement to the Nevada Supreme Court. So not only can it not, and of course under Nguyen, this Court's opinion directly says that a claim, an IAC direct appeal claim that relates to the substantive claim relates back because they're based on the same core of operative facts, of course, which is whatever the trial court areas. But I think they're just tied to, but which I think is a little looser, which is part of the point of the Nguyen opinion, but fair enough. But anyways, I mean, even a court, first of all, he's a pro se petitioner. He's not trying to fundamentally change these many pages of his claim, which is about a conflict of counsel, failure to substitute counsel for a claim. He's not trying to fundamentally change it. I mean, it's sort of absurd to say that he's trying to change it into an IAC direct appeal claim by these four lines. Secondly, that even if he was somehow trying to do that, it would relate back under this Court's precedent. Thirdly, it did not un-exhaust the claim because his direct appeal, post-conviction counsel said almost the exact same thing to the Nevada Supreme Court. So it's, and what's remarkable about that is on ground two of the amended petition, the Court's relation back and exhaustion ruling is based almost on the same thing. Like the only thing that they complain about are these four lines where he says in the procedural history that my direct appeal counsel didn't raise this issue as well as she should have. Which, incidentally, in the fast track briefing to Nevada Supreme Court, the counsel says the exact same thing once again. Appellate counsel is ineffective for failing to argue the district court relied on suspect evidence of sentencing, EOR 348. So those claims were directly stated to Nevada Supreme Court. They are little ancillary facts to the claims which could not defeat any relation back argument. And thirdly, if you, even if you somehow were to find, think that the client may have injected ambiguity by the statement, in his opposition, he clearly says I had no intention of changing the claims and that I was just trying to follow the fast track briefing that was submitted, which he does, I mean, his ground tracks the fast track briefing really closely. And I was just trying to do what the court said. And you know what else he says? He says, like, court, if you do not like this First Amendment petition, would you please, like, go back to the original pleading or somehow let me fix it? And under cases like Tillema and such, this court has said that, like, if you could fix an amended petition easily like that by just by taking out an offending sentence, the district court is obligated to do it, particularly in the case of a pro se petitioner. But it gets, I mean, this is just one example, though. Like, here's in ground seven, relation back, another one of the certified issues. This is on ER page 10. This is the district court's order dismissing the petition. It says, in ground seven, petitioner alleges that his right to counsel is denied when the state district court denied his motion for substitution of counsel. Petitioner did not present any of these claims in the original petition. That is just false. It is wrong. He said the substitution of counsel error, he makes mention of that on page 56, ER, and that's in his original petition, on pages 63 of his original petitions, on page 64, he complains about the fact that the district court did not allow, tell him or allow him to substitute counsel. So it's just based on a clearly erroneous finding of fact, I mean, of the record. And a lot of this order is like that. It just goes on and on. There's one thing I would like to discuss. Those are the relation back arguments. On exhaustion on ground one, the most important ground, the first ground, I asked about the exhaustion is what I just said, that the district court said, oh, you're raising an IAC claim. That wasn't exhaustion. Well, it clearly was. Anyways, because it's in the fast track briefing. The only thing that the state says that may give the court pause about exhaustion on ground one is that in his First Amendment petition, he says that the fact he had to represent himself was done in violation of his Fifth, Sixth, and Fourteenth Amendment rights. In his briefing to the Nevada Supreme Court, he does not rely heavily on the Fifth Amendment, but he does cite Feretta, and the Nevada Supreme Court cites Feretta as well. And Feretta talks about how that's a Fifth Amendment right. You've got about 45 seconds left. Do you want to save them? I want to say this because it's important, because it is the strongest argument that they say that the claim is not exhausted, because he mentions the Fifth Amendment. But in the briefing, he mentions all kinds of Federal cases. And in those Federal cases, especially Feretta, they talk about how the right to represent yourself and to do it knowingly and voluntarily is a Fifth Amendment right, as well as a Sixth Amendment right. So that was briefed to the Nevada Supreme Court. And I'd like to preserve the last 20 seconds.  Ms. Proctor. Good morning. May it please the Court. My name is Heather Proctor, senior deputy with the Nevada Attorney General's Office, and I have the honor of representing the Respondents in this matter. Will you slow down, please? Of course, Your Honor. I apologize. As to relation back of Grounds 1, 2, and 7, the Petitioner first argues that this is judicial-invited error because the Court ordered the Petitioner to file an amended petition because his claims were too conclusory. That is not accurate. What happened is the Respondents filed a motion to dismiss. I'm sorry? Ultimately, the district court said that they treated this as having added an ineffective assistance on appeal claim, and that doesn't seem like what he was doing. So why don't we go to that? I will be happy to address that, Your Honor. As to Grounds 1 and 2, he – the district court did dismiss those grounds for relation back purposes as to the ineffective assistance of appellate counsel claim. It is Respondents' position that those were an actual claim. They were not simply a set of assumptions. All right. Well, suppose we said that those were out. What about the rest of what's in there? As to – in terms of the underlying claims? In claims 1 and 7, right. In other words, take that sentence out. So what? What about the rest of it? As to – if this Court takes those sentences out, then, yes, Grounds 1 and 2 do relate back to the original Federal habeas petition. So you're saying that as to the second petition, Ground 1 does relate back? Yes. If you remove that sentence, then yes. So all that Feretta stuff, which, as I read Ground 1 in the amended petition, it's basically a Feretta claim. Correct. But that does relate back. Okay. Yes. Okay. Good. Would you like any further argument as to Grounds 1 and 2 as to relation back? It is Respondent's position that that ineffective assistance of appellate counsel claim is an independent claim. It is not simply a statement of exhaustion. The Petitioner does cite his opposition to the motion to dismiss, stating that the Respondent mischaracterized his allegation. However, the very next sentence of that opposition, at Excerpt of Record 161, he states, as will be shown later in this motion, the Petitioner has fully exhausted these claims, including claims of ineffective assistance of counsel on direct appeal. Further, in terms of exhaustion of Ground 1, at Excerpt of Record 168, he stated, the Petitioner's addition of the allegations of ineffectiveness in no way serves as a concession, but only references and combines a later ground in the petition. These were an actual claim presented in Grounds 1 and 2. However, even if this Court does treat it as an independent claim, this district court's decision was decided four months before Winn v. Curry. This would fall directly within Winn v. Curry, and therefore, Grounds 1 and 2 would relate back, but the entire claim would relate back, not just the underlying allegation, if the Court deleted that sentence. As to Ground 7, we do have a different scenario. Ground 7 does not relate back. We have an underlying allegation that the Petitioner argues relates back to Ground 6 of the original Federal petition, which is the sites that he provided you during his argument. The core of operative fact of Ground 6 was that trial counsel was ineffective for failing to investigate for misusing the competency hearing. His actions led to a conflict of interest. The core of operative fact as to Ground 7, however, is that the State District Court erred in denying his request for appointment of conflict-free counsel and for allowing him to represent himself at the district court level. This falls directly within the Schneider v. McDaniel holding that the ineffective assistance counsel claim is a different type and, therefore, does not relate back to the new allegation of State District Court error. So Ground 7 is untimely and was properly dismissed by the district court as untimely because it is a different core of operative fact based on time. Unless the Court has any further questions on that, I will move on to Ground 1. In terms of exhaustion, the Petitioner cited, again, it depends on if this Court strikes that sentence regarding the ineffective assistance of appellate counsel claim. Kagan. But this doesn't regard it as an independent claim. Let's just assume that's not the claim. It's the foretically. All right. If the Court assumes that it's strictly the foretically, then the Respondents do concede that Ground 1 is exhausted as to the Federal and the legal and factual allegations contained in Ground 1. And in terms of Ground 2, Ground 2 remains unexhausted. He relies on numerous new factual allegations that were not presented in the State Court, specifically that the Court relied on suspect evidence that was not previously presented. He also relies on new legal and factual allegations regarding prosecutorial misconduct and new claims that the State improperly interfered with the sentencing. All of those allegations are new, both legal and factual allegations, and they render Ground 2 unexhausted, and the District Court properly dismissed Ground 2 as unexhausted. Unless the Court would like to hear argument as to Grounds 8 and 9, then I would argue that this Court should affirm the District Court's order dismissing the petition. Well, what about 9? I don't, I don't understand what was, why the District Court struck that. Ground 9 is a claim that counsel was ineffective on direct appeal for failing to challenge two jury instructions, 15 and 22. The Court found that the claims were conclusory and therefore unexhaustive. Well, I don't understand. What does it mean by conclusory? You could just look at the instructions and see that one of them was, in fact, incoherent and I, because it didn't finish, just stopped in the middle of a sentence, and the other one did appear on its face to, to be saying that he, that he didn't have the burden of proving identity. So what more do you have to say? The problem is as to Ground, let me get this right, Ground 15, which, excuse me, Ground 22 are both the grounds, jury instruction Ground 22 is the one that you're referring to that stopped mid-sentence and he says didn't contain identity question. The problem is he doesn't say, all right, it stopped mid-sentence. Why was that prejudicial? How did that affect the jury trial? He doesn't present any factual support for his broad statement that stopping mid-sentence was unpredictable. You don't give him a chance to amend at that point if there's really a problem? The problem is at this point he had already had an opportunity to amend to comply with the court's requirements to present specific factual requirements. I didn't have a lot of trouble looking at those instructions and thinking and understanding what he was saying. Understood, Your Honor. It is still the Respondent's position that those were conclusory. I'd like to say something sort of generally with respect to how these cases are done in the lower courts. And I'm sympathetic with the district judges that try to screen out habeas petitions that really are not meritorious and we've got a statutory structure that facilitates that and so on. On the other hand, I'm very sorry we have this case in front of us. It's come up on appeal. It's a total nuisance. It would have been so much easier just to go forward, adjudicate the first petition. It was pretty clear what he was alleging. Just let's go for it. You were likely to win anyway and we've just wasted I don't know how many people hours and how much time doing this. Your Honor, I would just like to point out, as to the Court's order regarding that original Federal habeas petition, the Court did not order an amended petition based on the conclusory nature of the allegations. What happened is the Petitioner specifically and repeatedly in his opposition to the motion to dismiss sought to incorporate his State habeas petition, which was the last eight pages of his 135-page appendix attached to his Federal habeas action. The Court found that he made absolutely no attempt to incorporate or even make a passing reference to that memorandum in his Federal habeas petition, which was 47 pages. But you're dealing with a pro se Petitioner. It wasn't so hard to figure out what he was actually after. Your Honor, and the Court did not find that the claims were not factually supported. The Court found that he is attempting to raise additional claims from his State habeas petition, which he did not try to do in the Federal habeas. The Court, therefore, gave him that opportunity to amend his petition in order to raise those additional claims. And we're just talking about the last — I understood Judge Fletcher's observation to be not just about the last Claim 9, but just in general, right? Yeah. We could be doing this an awful lot more efficiently. Understood, Your Honor? Okay. Thank you. I only was able to touch on a few of the brief errors, factual errors in this record. The Government State — Let's go back to Claim 1 for a minute, okay? With regard to Claim 1, let's assume that you're right, that the district court's reason was wrong. But is there still a substantive question as to whether or not it does relate back? I mean, I gather that basically the State conceded that it does, if you forget about the IAC. But there were no different facts with regard to Claim 1 than the original Claim 1? It's more detailed. It's definitely more detailed, but the core operative facts are the same. And just so — I just want to point this out, that the district court also found that Claim 1 wasn't exhausted because he added some of those facts. But those facts are all taken directly from the transcript of the FREDA hearing, both of them. And that transcript is talked about in the briefing to the Nevada Supreme Court and cited repeatedly to the Nevada Supreme Court. So those factual allegations were, in fact, exhausted and directly presented to the Nevada Supreme Court. Right. I mean, the claim before and after, and I gather this is why we got the agreement from the State, is a FREDA claim, and we get a lot more detail. And in the second time around, it's stated, surprise, somewhat inartfully, as it had been before, but it's the same claim with lots more detail. Yes, sir. Right. Exactly. The second — the second amended petition — I mean, the first amended petition reads a little bit more like a reply, which the client said he thought that's what the court wanted. Yeah. And it might be a little bit misleading in that the first sentence of the new petition that is now ground one talks about he knew about my mental difficulties. But that's just an additional fact in support of the FREDA claim. That's partly the way it was raised in State court. On direct appeal, it was said that he couldn't knowingly waive his right to represent himself because he had these mental defects. And then in the post-conviction, they said, well, it was much more than that. He had a conflict of counsel. Here's the basis for the conflict. So the two State court proceedings combined into one global claim. Okay. Thank you very much. Unless the Court has any questions. Thank you. All right. It's a var versus Baker and Nevada Attorney General now submitted for decision. We will take a 10-minute break.
judges: Fletcher, Berzon, Bea